# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BENTON WILLIAMS, JR.,

    Plaintiff,

v.

JUDGE MICHAEL R. BARRETT,

    Defendant.

Case No. 1:24-cv-698

Cole, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On December 5, 2024, Plaintiff, proceeding pro se, initiated a new case in this Court. After the Clerk issued a deficiency notice informing him that he must either pay the requisite filing fee or an application to proceed *in forma pauperis* before he could proceed, (Doc. 4), Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 6). Because that motion did not provide the Court with sufficient information to determine Plaintiff's eligibility to proceed *in forma pauperis*, Plaintiff was ordered to supplement his Affidavit by completing and returning Form AO 240 on or before January 24, 2025. (Doc. 7, Memorandum Order).

On January 27, Plaintiff filed a document that was construed as an Objection[1] to the Court's January 8, 2025 Order, (*see* Doc. 8), but otherwise failed to comply with its

---

[1] Plaintiff captioned his latest document not as an Objection to the Court's last Order but as an "Ad Inquirendum in Response to Memorandum Order for Relief Under the All Writs Act." (Doc. 8). Inspection of the document shows that it contains allegations similar to those made in Plaintiff's initial pleading, (*see* Doc. 1), and in his motion to proceed without payment of fees in this case (Doc. 6). In his most recent filing, Plaintiff states that he "does not consent to the MEMORANDUM ORDER" – a statement that the Clerk of Court construed as an "Objection" to the January 8, 2025 Order. But Plaintiff never specifically identifies the January 8, 2025 Memorandum Order by the undersigned magistrate judge. Instead, the document asserts that Judge Barrett's ruling and/or CM/ECF notice in one of Plaintiff's prior cases was "an illegal act" such that "all Reports and Recommendations …and Deficiency Notices have been vitiated by Judge

directive to supply more information to support Plaintiff's application to proceed *in forma pauperis*. The Court overruled the objection on February 3, 2025. (Doc. 9). For the reasons that follow, the undersigned now recommends that Plaintiff's application to proceed *in forma pauperis* be DENIED, and that the above-captioned case be DISMISSED for failure to prosecute.

## I.  Background

Plaintiff is an experienced pro se litigant who has paid the requisite filing fees in four prior cases that he has filed in this Court. The above-captioned case appears related to two of those prior cases because it is founded upon an allegedly unlawful CM/ECF Notice generated by U.S. District Court Judge Michael R. Barrett in *Williams. v. Santander Consumer USA Inc.*, Case No. 1:23-cv-513-MRB-KLL and/or possibly in related Case No. 1:24-cv-580-MRB-KLL.[2]

Notwithstanding his litigation experience, Plaintiff routinely attempts to initiate his cases without first paying a filing fee or submitting an application to proceed *in forma pauperis*, prompting the Clerk of Court to issue an automatic Deficiency Notice. In Case No. 1:23-cv-513-MRB-KLL, Plaintiff responded to that Deficiency Notice by paying the requisite fee. Subsequently, U.S. Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation ("R&R) recommending that defendants' motion to compel

---

Barrett's fraud on the court…." (*Id.*, PageID 76).
[2]The above-captioned case has not been formally designated as a third "related case." Two prior cases appear unrelated. In *Williams. v. United States*, No. 1:16-cv-867-SJD-SKB, Plaintiff generally challenged the federal tax system. The undersigned recommended granting the Defendant's motion to dismiss in that case. (Doc. 13). Plaintiff did not object to that R&R and on May 24, 2017, it was adopted as the opinion of the Court. (*See* Docs. 13-14). In *Williams v. Equifax, Inc.*, No. 1:19-cv-622-SJD-SKB, the undersigned recommended *sua sponte* dismissal for lack of subject matter jurisdiction, or in the alternative, for failure to state any claim. (Doc. 4). Plaintiff again failed to object and on October 24, 2019, that R&R was also adopted as the opinion of the Court. (See Docs. 10-11).

2

arbitration be granted and that plaintiff's case be dismissed without prejudice. *Id.*, (Doc. 21). Plaintiff did not object and the Court adopted the R&R. *Id.*, (Doc. 22). Plaintiff filed an appeal but his appeal was dismissed for lack of jurisdiction because his notice of appeal was untimely. *Id.*, (Doc. 26).

Undeterred, Plaintiff initiated related Case No. 1:24-cv-580-MRB-KLL. After again receiving a Deficiency Notice, Plaintiff again paid the requisite $405.00 filing fee on October 28, 2024. But because it was apparent that Plaintiff had filed the related lawsuit prior to the conclusion of mandatory arbitration proceedings that were the basis of dismissal in No. 1:23-cv-513-MRB-KLL, Judge Litkovitz issued an R&R recommending that Plaintiff's petition for writ of mandamus be denied for lack of subject matter jurisdiction, and that his "Emergency Motion(s)" for a temporary restraining order and permanent injunctive relief be denied as moot. (Doc. 11). Plaintiff failed to object to that R&R, which the Court adopted on November 22, 2024. (*See* Docs. 12, 13). Plaintiff did not appeal.

Instead, Plaintiff filed the above-captioned new case, ostensibly under the All Writs Act – again without paying the requisite fee or filing an application for leave to proceed *in forma pauperis*. This time in response to the automatic Deficiency Notice, Plaintiff moved for leave to proceed *in forma pauperis*. (Doc. 6).

After review of Plaintiff's motion, the Court filed a Memorandum Order on January 8, 2025 that directed Plaintiff to complete a copy of the AO 240 form under penalty of perjury, on or before January 24, 2025, "so that this Court may properly evaluate whether Plaintiff qualifies to proceed *in forma pauperis*." (Doc. 7). The Memorandum Order gave Plaintiff the option to pay the full filing fee in lieu of completing the AO 240 form, while

3

warning Plaintiff that if he failed to do either by the January 24 deadline, "the undersigned will recommend denial of his pending application to proceed in forma pauperis." (Id.) Plaintiff failed to comply with the Court's January 8, 2025 Order. He did not pay the filing fee and he did not return the completed the AO 240 form.

II.     **Analysis of In Forma Pauperis Application**

As discussed, Plaintiff has filed an application to proceed in forma pauperis that fails to provide information necessary for this Court to make the determination of whether he is a pauper. Instead, Plaintiff has filed only an "Affidavit" in support of his motion. (Doc. 6). Although an affidavit alone may provide the necessary information in some cases, Plaintiff's "Affidavit" does not. Not only does Plaintiff provide no information regarding his income or other financial assets, but he offers no evidence that he has become financially incapable of paying the same filing fee he has paid to initiate four prior cases.

Rather, Plaintiff alludes to financial hardship due to "family obligations" and argues that he "should not have to pay the $405 filing fee because Judge Michael R. Barrett dismissed Affiant's case by an illegal and unlawful 'WARNING: CASE CLOSED' decree" in No. 1:23-cv-513-MRB-KLL. (Doc. 6, PageID 63-64). Plaintiff refers to the existence of savings or other financial resources but makes clear his desire to avoid spending down those resources. (See id., PageID 64, "Why should the Affiant be compelled to allocate funds from his family budget and savings because of the Judge's wrongful actions?"). In short, Plaintiff's "Affidavit" strongly suggests that his application is based on a desire to avoid the payment of fees rather than an actual inability to pay.

Plaintiff's recently construed Objection to the January 8 Memorandum Order, (see Doc. 8), did not automatically stay his obligation to provide this Court with additional

4

information in support of his application to proceed *in forma pauperis*. *See generally Maness v. Meyers,* 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). In any event, U.S. District Judge Hopkins overruled the construed Objection as without merit. (Doc. 9). Nothing in the construed "Objection" provides this Court with any additional information concerning Plaintiff's ability to proceed *in forma pauperis* in this case.

### III.     Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's application to proceed *in forma pauperis* be **DENIED** and that this case be **CLOSED** for failure to prosecute based on Plaintiff's failure to either timely supplement his application or alternatively, to pay the requisite filing fee.

 <u>s/Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BENTON WILLIAMS, JR.,            Case No. 1:24-cv-698

    Plaintiff,                                                  Cole, J.
                                                          Bowman, M.J.

    v.

JUDGE MICHAEL R. BARRETT,

    Defendant.

## NOTICE

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).